PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM CAMPANA, ) | |
| ) | CASE NO. 5:14CV1785 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| STATE OF OHIO, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF Nos. 1; 2; 3; 4] |

*Pro se* Plaintiff William Campana filed the above-captioned *in forma pauperis* action against the following Defendants: the State of Ohio, Kaman & Cusimano LLC, David W. Kaman, Joseph J. Cusimano, M. Katherine Bushey, Darcy Maling Good, Cullen J. Cottle, Rovert E. Kmiecik, Erika R. Finley, Cedar Property Management Co., Larry Cedar, Continental Management Co., Unnamed Shareowners of Continental Management Co., Board of Directors for Waterford Point Condominium Association, Robert Peterson, R.N. Landis Property Management Co., Richard Landis, Golden Gate Villas, Condominium Association, Inc., and Waterford Pointe Condominium Association. ECF No. 1. Later, Plaintiff filed a Motion to Add Three Defendants (ECF No. 3), and, a couple of days later, Plaintiff filed a Motion to Add One More Defendant. ECF No. 4. Those Motions are granted.

Plaintiff's 264-page Complaint (ECF No. 1) consists almost entirely of legal assertions and conclusions. The thrust of the factual allegations sets forth appears to be that the Waterford

(5:14cv1785)

Pointe Condominium Association has refused to cash checks Plaintiff has submitted because of qualifying endorsements he has repeatedly placed on the checks to control how the funds are applied.  Plaintiff asserts, *inter alia*, that the Ohio statute regulating the manner in which owner payments for expenses are credited by a condominium association (R.C. § 5311.18)  fosters RICO enterprises, is an *ex post facto* law impairing the obligation of contracts, and violates the Sherman and Clayton Acts.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

A cause of action fails to state a claim upon which relief my be granted when it lack "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the pleading are true. *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but the complaint must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at

2

(5:14cv1785)

678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Principles requiring generous construction of pro se pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of a viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them. *Beaudette*, 775 F.2d at 1278. To do so would require the courts "to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Even construing the Complaint in this case liberally in a light most favorable to Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it simply does not contain allegations reasonably suggesting he might have a valid federal claim against Defendants based on any of the legal theories he sets forth. *See, e.g.*, *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (holding that a court is not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief); *see also Leisure v. Hogan*, 21 F. App'x 277 (6th Cir. 2001) (holding that RICO complaint containing neither direct nor inferential allegations respecting all material elements to sustain recovery permitted district court to dismiss action for lack of subject matter jurisdiction).

3

(5:14cv1785)

For the foregoing reasons, the request to proceed in forma pauperis is granted, and this action is dismissed under 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| January 30, 2015 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |